UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

UNITED STATES OF AMERICA,

                                                                         Case # 19-CR-6159-FPG

v.

                                                                         DECISION AND ORDER

FELIX FIGUEROA,

                        Defendant.
───────────────────────────────────────

## INTRODUCTION

On March 11, 2021, Defendant Felix Figueroa filed a *pro se* Motion for Compassionate Release. ECF No. 42. Defendant requests that the Court reduce his sentence to time served or release him to home confinement because of family circumstances. *Id.* The Court set a briefing schedule, ECF No. 43, and the Government opposed the Motion on March 26, 2021, ECF No. 44. Probation responded on April 9, 2021, ECF No. 45, and Defendant replied on April 29, 2021, ECF No. 48. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

On January 24, 2020, Defendant pled guilty to an Information charging him with conspiracy to possess with intent to distribute, and to distribute, 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 30, 31. On January 24, 2020, the Court sentenced Defendant to 96 months' imprisonment, followed by four years' supervised release. ECF Nos. 37, 39.

Defendant is currently incarcerated at FCI McKean, a medium-security federal correctional institution in Pennsylvania, with a projected release date of November 22, 2024. ECF No. 44 at 1.

1

## LEGAL STANDARD

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Courts may reduce previously imposed terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as compassionate release. Defendants may bring motions under Section 3582(c)(1)(A) if they have satisfied a statutory exhaustion requirement.[1] *Id.* If a defendant brings such a motion, the Court may grant relief if, after considering the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant [the] reduction." *Id.* §§ 3553(a), 3582(c)(1)(A); *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) (holding that, where a defendant—as opposed to the BOP—brings a motion for compassionate release, Section 3582(c)(1)(A)'s requirement that the reduction be "consistent with applicable policy statements issued by the Sentencing Commission" does not apply because there is no applicable policy statement). "District courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Tagliaferri*, No. 13-CR-115, 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019).

## DISCUSSION

In this case, even if Defendant could establish that extraordinary and compelling reasons favor a sentence reduction, the reasons cited by Defendant do not outweigh the factors set forth in Section 3553(a) that support his sentence. Under Section 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—

---

[1] The Government does not dispute that Defendant has satisfied the statutory exhaustion requirement. ECF No. 44 at 2.

>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range [provided for by Sentencing Commission guidelines and policy statements];
> (5) any pertinent [Sentencing Commission policy statement];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court weighed these factors when it imposed Defendant's original term of imprisonment. Accordingly, the Court's task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429-30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of provision); *see United States v. Roney*, No. 20-1834, 2020 WL 6387844, at *3 (2d Cir. Nov. 2, 2020) (summary order) (quoting *Ebbers* for the proposition that "a compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision"). In other words, the issue is whether the original Section 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 430-31.

Defendant claims that the extraordinary and compelling reasons in this case arise from his wife's health problems.  The application notes in the United States Sentencing Guidelines indicate that family circumstances may be considered extraordinary and compelling in the following situations:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. 1B1.13.

Defendant argues that both provisions apply because Defendant's wife, Lisette Correa Figueroa, is incapacitated due to her mental and physical ailments and therefore cannot care for herself or her minor children, and there is no one else who can.  According to Defendant, his wife suffers from Bipolar depression and PTSD, resulting from a shooting several years ago.  ECF No. 42 at 4-5.  According to Defendant, these impairments have made it difficult for her to care for her five children, many of whom have psychological problems.  *Id.* at 6-7.  Moreover, Defendant and his wife[2] indicate that she is scheduled to "undergo a grueling regiment of shoulder and knee replacement" that "will incapacitate her for well over a year," again, compounding her inability to care for herself or her children.  ECF No. 48 at 1.  According to Defendant, there are no family or friends who are able to take care of Lisette or their children.  *Id.* at 3-4.

Although the Court is sympathetic to Defendant's family's situation, even if it is considered extraordinary and compelling, Defendant still has not provided reasons for his release that outweigh the factors that supported and continue to support Defendant's original sentence.  To be sure, Defendant maintains that he "took the Court's statements at sentencing to heart" and has,

---

[2] As part of Defendant's reply, his wife filed two declarations setting forth her circumstances.  ECF No. 48 at 10-14.

during his imprisonment, "set out to improve himself for the benefit of his family's future." ECF No. 48 at 6. At sentencing, the Court remarked that it had received numerous submission from Defendant's family and that "they're heartbreaking in a sense that it appears that you're trying to lead them down the right path, but you were on the wrong path yourself." *Id.* at 5. While Defendant's progress in prison and care for his family is admirable, the fact remains that Defendant pled guilty to very a serious charge: possession of fentanyl with the intent to distribute. As the Court noted at sentencing, fentanyl's deleterious impact to the community has been widely documented. Moreover, Defendant has a significant criminal record and, at the time of the offense, Defendant was on parole supervision for a weapons offense. ECF No. 41 at 9-10.

Finally, although Defendant indicates that he has completed 45% of his sentence, the reality is that Defendant still has over three years remaining on his sentence. A reduction of Defendant's sentence in these circumstances would undermine the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(2)(A)-(B), (6); *see also United States v. Mack*, No. 16-CR-112, 2020 WL 4012837, at *2 (N.D. Ohio July 16, 2020) (holding that Section 3553(a) factors did not favor release of defendant who was "high-risk" for COVID-19-related complications and "held in a prison experiencing a severe COVID-19 outbreak" because defendant had more than a year remaining on his sentence).

The Court recognizes that the Defendant finds himself in a difficult and unfortunate situation. But Defendant has not demonstrated that a reduction in his sentence is appropriate.

5

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 42, is DENIED.[3]

IT IS SO ORDERED.

Dated: May 5, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[3] To the extent Defendant requests that the Court direct the Bureau of Prisons to place Defendant in home confinement, that request is also denied. The Court has no authority to designate a prisoner's place of incarceration. *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine . . . . a defendant's place of confinement.").